G. ARBONA & CO., DEMANDANTE Y APELANTE, *v.* ORTIZ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre cobro de dinero.

No. 2762.—Resuelto en julio 24, 1923.

COBRO DE DINERO—PRUEBA INSUFICIENTE.—En la opinión se analiza la prueba que sirvió de base a la corte sentenciadora para declarar sin lugar la de-

manda en cobro de dinero, y *se resolvió:* que no apareciendo que se come-
tiera error fundamental en la apreciación, la sentencia debe confirmarse.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. López de Tord y Zayas
y Pizarro.*

Abogado de los apelados: *Sr. R. Martínez Nadal.*

El Juez Presidente Sr. del Toro, emitió la opinión del
tribunal.

G. Arbona & Co., una sociedad mercantil de Ponce, P.
R., demandó a Luis Ortiz y Alcides Núñez en cobro de
$1,022.58.

En la demanda se alega, en resumen, que en mayo de
1918 los demandados constituyeron, en unión de José Blay,
una sociedad mercantil en comandita bajo la razón de Ortiz,
Núñez y Cía., S. en C., siendo los demandados gestores y
Blay comanditario. La sociedad así constituída se dedicó
al negocio de compra y venta de provisiones que realizaba
en su establecimiento principal, sito en la calle de Atocha
de Ponce, y en una sucursal que tenía abierta en la calle
de la Villa de la misma ciudad de Ponce a nombre del socio
Alcides Núñez. Este, para surtir la sucursal, compró a la
demandante, en junio de 1918, provisiones cuyo valor,
$1,022.58, no ha sido satisfecho por la sociedad, ni por sus
socios, ni por ninguna otra persona. Ortiz, Núñez y Cía.,
S. en C., se disolvió traspasando todos sus bienes a otra
sociedad denominada L. Ortiz y Cía. que no asumió el pago
de las deudas de Ortiz, Núñez y Cía., S. en C.

Nada consta en los autos con respecto al demandado Al-
cides Núñez. Ni siquiera si fué o no emplazado. El de-
mandado Luis Ortiz excepcionó la demanda y, declaradas
sin lugar sus excepciones, archivó su contestación, negando
que Ortiz, Núñez y Cía., S. en C. tuviera sucursal alguna y
que el socio Alcides Núñez comprara las provisiones a la
demandante por cuenta de la sociedad para la sucursal. En
cuanto a la disolución de la sociedad, se aceptó el hecho pero

se negó que la nueva sociedad no asumiera el pago de las deudas realmente contraídas por la extinguida.

Como materia nueva de oposición se alegó en la contestación que las provisiones a que se refiere la demanda fueron vendidas por la demandante a Alcides Núñez particularmente para una tienda que tenía en la calle de la Villa de la ciudad de Ponce, P. R.

Se celebró el juicio, se practicó la prueba y la corte declaró la demanda sin lugar archivando una "relación del caso y opinión," que dice:

"Este caso se vió ante esta Corte, en los días 16 y 17 de enero de 1922, previo señalamiento en el calendario civil, compareciendo la parte demandante representada por el abogado señor Vicente Zayas y Pizarro y los demandados por su abogado señor Rafael Martínez Nadal.

"En el acto de la vista la parte demandante presentó prueba testifical y documental, presentando la parte demandada solamente prueba documental.

"La corte como resultado de la evidencia en conjunto es de opinión que la ley y los hechos en este caso están a favor de los demandados Luis Ortiz y Alcides Núñez Ortiz y en contra de la demandante G. Arbona & Co. y que debe registrarse una sentencia desestimando la demanda en todas sus partes, con costas a cargo de la demandante.

"Regístrese por el secretario una sentencia de conformidad con los términos de esta opinión en el libro correspondiente."

No conforme con la sentencia, la demandante apeló para ante esta Corte señalando en su alegato la comisión de cuatro errores. El primero se refiere a no haberse dado cumplimiento por la corte al artículo 227 del Código de Enjuiciamiento Civil. Los otros tres a la apreciación de la prueba.

Argumentando el primer error sostiene el apelante que la "relación del caso y opinión" redactada por la corte sentenciadora no es la que exige el artículo 227 del Código de Enjuiciamiento Civil. Estamos conformes. En todos los

casos deben los jueces exponer los hechos y la ley que han aplicado. Para ello no es necesario escribir largas opiniones, y con ello se logra que la misma conciencia judicial actúe con más seguridad. Al extraer de un caso sus hechos esenciales, es que mejor se observan las cuestiones envueltas, y al consignar expresamente la ley o la jurisprudencia a cuya luz las cuestiones se resuelven, existe para el juez una última oportunidad de aquilatar la justicia de su fallo. Pero la omisión que se nota, no lleva consigo la revocación de la sentencia de acuerdo con la jurisprudencia establecida por esta corte, tanto más cuanto que no consta que la parte apelante se quejara de ello en la corte inferior.

Los tres restantes errores pueden estudiarse conjuntamente.

Comenzó la parte demandante su prueba presentando una copia de la escritura de compraventa y modificación de contrato otorgada por Alcides Núñez, Luis Ortiz y Andrés Grillasca, el último como apoderado de José Blay, en Ponce, el 28 de junio de 1918. En dicha escritura se hace referencia a la otorgada el mes anterior constituyendo la sociedad Ortiz, Núñez y Cía., S. en C., a la cual el socio Ortiz aportó $3,380, el socio Núñez $1,089 y el comanditario Blay $3,095, y se hace constar la separación del socio Núñez quien vendió su participación a la propia mercantil de que formaba parte por la suma de $1,400, pagadera como sigue: "450 dollars pagados por la sociedad por las cuentas privadas de Alcides Núñez; 450 dollars que entrega en este acto en billetes americanos de curso legal, y *los $500 restantes, en efectos de comercio que tiene la mercantil en una sucursal en la calle de la Villa de la ciudad de Ponce.*" Las itálicas son nuestras.

Dicha escritura contiene otra cláusula que dice, en lo pertinente, así:

"Tercera: Convienen las partes cada una en la representación que ostenta que los actos verificados por don Alcides Núñez mien-

tras fué socio gestor de la citada mercantil quedarán en toda su
fuerza y vigor, . . . . . haciendo constar el señor Núñez que no
ha contraído otro compromiso que compras para la firma de la que
fué socio.''

Luego introdujo la demandante los testigos Mirabal y
Castellano. Ambos fueron sus empleados y el primero aún
lo era en el momento del juicio. Sus declaraciones tienden
a demostrar que cuando Alcides Núñez personalmente com-
pró las provisiones a la demandante manifestó que eran para
la Sucursal de Ortiz, Núñez y Cía., S. en C. Declaró otro
testigo, Manuel Vallés, que parece ser socio de la deman-
dante, quien entre otras cosas, dijo:

''Alcides Núñez nos dijo que la sucursal esa tenía la patente
a nombre de él y que el almacén del pueblo iba a comprar también,
principió a comprar unas arenques, él mismo indicó que para no
confundir las cuentas del almacén con las de la sucursal, que le
abrieran las del almacén a nombre de él y las de la sucursal a nom-
bre de Ortiz, Núñez y Cía.

El demandado presentó como prueba un borderó de 27
de junio de 1918 ascendente a $311.75 por efectos compra-
dos a la demandante por Alcides Núñez. Es un hecho claro
que Ortiz, Núñez y Co., S. en C., no figuran como deudores
en los libros de comercio de la demandante. En ellos apa-
rece como deudor de la suma reclamada en este pleito Al-
cides Núñez individualmente. Lo mismo en el borderó.

Ese es, en síntesis, el resultado de la prueba. A nues-
tro juicio la sentencia debe ser confirmada. No hay moti-
vos suficientes para alterar la conclusión del juez senten-
ciador. Sus propios libros hablan en contra de la deman-
dante. Si fué cierto el arreglo que hizo con Alcides Núñez,
debió para su propia garantía haberlo hecho constar actual-
mente por medio de una nota en su contabilidad. No lo hizo
y no tiene a quien quejarse más que a ella misma. No po-
demos decidir que la corte ejercitara mal su propio juicio,

su conciencia de juzgador, al dejar de creer la prueba testifical de la demandante.

Insiste mucho la demandante en la escritura. Sostiene que de ella aparece declarado por los propios socios de Ortiz, Núñez y Cía., S. en C., que la tienda de la calle de la Villa para la cual se vendieron las provisiones era una sucursal perteneciente a la sociedad y que disuelta ésta son responsables sus socios.

En primer lugar si bien el uso de la palabra "sucursal" parece indicar la idea de dependencia o pertenencia, es lo cierto que en la escritura no se consigna expresamente que la sucursal perteneciera a la sociedad, sólo se dice que parte del precio de la compra de la participación del socio Núñez se paga "en efectos de comercio que tiene la mercantil en una sucursal."

La escritura de que se trata fué admitida con la oposición del demandado basada en su falta de validez por no haber comparecido personalmente a otorgarla el socio comanditario. Pero prescindiendo de la objeción y dándole toda la fuerza probatoria que pueda tener, de ella resulta que la nueva sociedad constituída, si es que puede estimarse así, asumió las obligaciones de la antigua que duró, a juzgar por los documentos, menos de dos meses, haciéndose constar expresamente que los actos ejecutados por Núñez quedarían en toda su fuerza y vigor, y la acción en este pleito se ejercita no contra la nueva sociedad, sino contra los gestores de la antigua en su carácter personal, mejor dicho contra uno solo de los gestores.

Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf disintió.

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SR. WOLF.

En Ponce dos comerciantes, una sociedad mercantil uno y el otro un individuo particular combinaron sus intereses y formaron una nueva sociedad mercantil. La escritura social no se encuentra ante nuestra consideración pero sí la escritura de disolución de la sociedad. Esta escritura contiene las siguientes cláusulas:

"Cuarto.—Que no conviniéndole al socio Don Alcides Núñez, continuar en la razón social de que se ha hecho mérito ha convenido con dicha razón social vender su participación en la misma y llevando a efecto lo convenido, lo hacen bajo las cláusulas siguientes: Primera: Don Alcides Núñez, vende, cede y traspasa a la mercantil Ortiz Núñez y Compañía, S. en C., todos los haberes, derechos y acciones que en la misma le corresponden, en todos los negocios a que está dedicada dicha sociedad.

"Segunda.—Constituye el precio de esta enajenación, la suma ajustada y convenida de mil cuatrocientos dólares, que se han distribuído así: cuatrocientos cincuenta dólares pagados por la sociedad por las cuentas privadas de Don Alcides Núñez; cuatrocientos cincuenta dólares que entrega en este acto en billetes americanos de curso legal, y los quinientos dólares restantes, en efectos de comercio que tiene la mercantil en una sucursal en la calle de la Villa de la ciudad de Ponce, cuya sucursal incluye provisiones y efectos de comercio ya inventariados y aceptados por Don Alcides Núñez y cuentas a favor del mismo compareciente.

"Tercera.—Convienen las partes cada una en la representación que ostenta que los actos verificados por Don Alcides Núñez mientras fué socio gestor de la citada mercantil quedarán en toda su fuerza y vigor relevando dicha sociedad a Don Alcides Núñez, de toda obligación que haya contraído a favor o en contra de la misma, asimismo el compareciente Núñez, renuncia para siempre de todo cuanto derecho pudiere tener contra la citada sociedad, relevándola en la más solemne forma de cualquier acto u obligación que haya contraído personalmente, haciendo constar el señor Núñez que no ha contraído otro compromiso que compras para la firma de la que fué socio."

Esta era una clara obligación por parte de Ortiz de relevar a Núñez de cualquier obligación por deudas contraídas

en nombre de la sociedad. Antes de entrar Núñez como so-
cio tenía él una sucursal propia. Que esta sucursal quedó
confundida en la firma, lo demuestra el párrafo marcado
"Segunda" y la materia nueva de oposición contenida en
la contestación, a saber:

"Y como materia nueva de oposición el demandado Luis Ortiz
alega que las ventas por $1,022.58 a que se refiere G. Arbona & Co. en
el hecho cuatro de la demanda fueron hechas particularmente y en su
carácter privado a Alcides Núñez por una tienda que éste tenía
a su nombre y de su exclusiva propiedad en la calle de la Villa,
a quien G. Arbona & Co. le fiaba mientras fué socio de Ortiz Nú-
ñez & Co., S. en C., y que al salir el señor Núñez de esta Sociedad,
viendo los señores G. Arbona & Co. su crédito en peligro, fabrica-
ron entonces la acción contra Ortiz Núñez & Co. siendo así que su
deudor era Alcides Núñez en su carácter individual como así
consta de factura de la misma demandante."

En esta nueva materia se identifica la sucursal como la
misma a la cual se refiere la escritura de disolución. Los
demandados y apelados meramente levantaron la cuestión
de si la mercancía comprada era por cuenta de Núñez o de
la sociedad. En la escritura de disolución que hemos trans-
crito aceptó Ortiz específicamente la cesión de todos los ha-
beres de la sucursal pero no quiere ser responsable por las
deudas de la sucursal. Teniendo esto en cuenta niega él
tener responsabilidad alguna por dichas cuentas no obstante
lo dispuesto en la cláusula "Tercera" de la escritura de
disolución según la cual no sólo está relevado Núñez de cua-
lesquiera obligaciones por deudas contraídas a nombre de
la sociedad, sino que él hace constar solemnemente que no
ha contraído otro compromiso que las compras para la
firma.

Considerada la escritura de disolución y la nueva mate-
ria de la contestación los demandantes establecieron un caso
*prima facie* habiendo recaído en Ortiz la obligación de pro-
bar que las deudas contraídas por Núñez fueron indepen-

dientemente de la sociedad. Los libros de G. Arbona & Co. son la única prueba a su favor, pero como la demás prueba documental revelaba que Núñez estaba administrando la sucursal para la sociedad, el caso *prima facie* de que todas sus negociaciones eran a favor de su firma no se destruye.

Bajo estas circunstancias no importaría, como parece probable, que la corte inferior no dió crédito a las manifestaciones hechas por los empleados de G. Arbona al efecto de probar que Núñez estaba comprando para la sociedad. Ellos pueden haber tratado de fortalecer el caso pero quedó demostrado un caso *prima facie* por las alegaciones y la escritura de disolución.

Los hechos, por consiguiente, colocan el caso sobre la base del derecho de una persona que negocia con un supuesto individuo particular cuando en realidad de verdad él era un miembro de la sociedad con la confusión de derechos y obligaciones necesariamente resultantes. Esto está más especialmente evidenciado por el hecho de demostrarse que Ortiz y su otro socio están tomando como parece posesión de todo el activo en la sucursal. Esto sería un fraude contra los acreedores a menos que ellos también se hubieran hecho cargo del pago de las deudas.